IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CHRISTOPHER ODEN,**

    Petitioner,

v.                                           Civil Action No. **3:15CV196**

**ERIC D. WILSON,**

    Respondent.

## MEMORANDUM OPINION

Christopher Oden, a federal inmate proceeding *pro se*, filed this 28 U.S.C. § 2241 petition[1] ("§ 2241 Petition," ECF No. 1). On November 23, 2015, the Magistrate Judge issued a Report and Recommendation that recommended dismissing the action for lack of jurisdiction. Oden has filed objections. (ECF Nos. 20-21.) For the reasons that follow, Oden's first objection will be SUSTAINED to the extent the Court changes the name of the sentencing court, Oden's other objections will be OVERRULED, and the action will be DISMISSED.

### I.    BACKGROUND

The Magistrate Judge made the following findings and recommendation:

---

[1] That statute provides, in pertinent part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless—
> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)-(3).

A.   **Procedural History**

On October 28, 2011, in the United States District Court for the Western District of Virginia ("Sentencing Court"), Oden pled guilty to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). *See Oden v. United States*, Nos. 3:13–CV–93, 3:11–CR–56, 2014 WL 2462993, at *2 (N.D. W. Va. June 2, 2014). Oden's plea agreement "informed [him] that the maximum sentence was ten years' imprisonment." *United States v. Oden*, 493 F. App'x 427, 428 (4th Cir. 2012). Oden's plea agreement also contained a provision that "he would give timely and complete information about his criminal involvement." *Id.* "Oden was aware that if, 'in the opinion of the United States,' . . . Oden failed to cooperate as promised, the Government was not obligated to recommend a sentence at the low end of the [Sentencing] Guidelines." *Id.* During sentencing

> [Oden] was found to have a base offense level of 18. . . . After a five-level enhancement for the pattern of exploitation of a minor, plus a two-level increase for use of a computer, [and] a two-level [increase] for the number of images, [Oden] had an adjusted offense level of 27, less a two-level reduction for acceptance of responsibility. . . . The Government declined to move for the third level reduction, citing "the significant holes . . . in what [Oden] . . . has told authorities . . . [including] omissions of facts" and other discrepancies. . . . The result was a total offense level of 25. . . . With a criminal history category of III, the Court found that the Guidelines called for a sentencing range of seventy to eighty-seven months of imprisonment . . . .
> . . . .
> Taking all necessary information into consideration, the Court declined to grant [Oden's] motion for downward departure. Instead, the Court sentenced petitioner above the recommended guidelines to the maximum sentence allowable, a term of 120 months imprisonment. . . .

*Oden*, 2014 WL 2462993, at *4-5 (alterations in original) (fifth and sixth alteration in original) (all but last three omissions in original) (footnote omitted) (internal citations omitted). On appeal, Oden argued "that the Government breached the plea agreement by not recommending a sentence at the low end of the Sentencing Guidelines' range of imprisonment." *Oden*, 493 F. App'x at 428. The United States Court of Appeals for the Fourth Circuit found no error, explaining: "Our review of the record supports the Government's findings regarding Oden's agreement to take responsibility for his conduct and to be forthright and truthful. Because Oden did not fulfill his obligations under the agreement, the Government was not obligated to recommend a sentence at the low end of the Guidelines." *Id.* at 429.

On June 2, 2004, the Sentencing Court denied a 28 U.S.C. § 2255 Motion filed by Oden. *Oden*, 2014 WL 2462993, at *2. Oden's § 2241 Petition is his latest attempt to challenge his conviction and sentence.

### B. Summary of Oden's Claims

In his § 2241 Petition, Oden raises four somewhat confusing claims for which he provides little to no argument in support. The Court quotes his claims and "[s]upporting facts," in sum:

Claim One: "(2) level enhancement for computer-type criminal code. The statute states; 'including by computer' is duplicitous by the statute also covering the computer usage, but still allowing for an enhancement of (2) points. . . . When a statute's wording is inclusive of a particular aspect of a criminal act, that act is sufficiently accounted for sentencing purposes and any separate point enhancement increasing a sentence is duplicitous and unconstitutional. 'Plain language doctrine.'" (§ 2241 Pet. 7-8.)

Claim Two: "Unconstitutional attachment of a (5) level sentencing enhancement regarding past criminal history and its unlawful restraint on the correct 'categorical approach' for investigation to determine applicability of enhancement. . . . Due to 'divisibility' of the statute in state, the Government must 'modify' its 'categorical approach' to correctly determine if the criteria determinate facts support the specific point enhancement." (*Id.* at 8.)

Claim Three: "Unlawful action by Magistrate Judges presiding over plea hearings is plain error and requires conviction vacation. . . . Due to the recent declaration where the higher courts have determined that magistrate judges presiding over felony plea hearing is not administrative and they can not so prior." (*Id.*)

Claim Four: "Disregard for other acts reported that support a defendant's innocence in his case and could be deemed criminal behavior and not investigated violates a defendant's right to present evidence to establish innocence, then is suspiciously like 'prejudiced prosecution' . . . . Petitioner/Defendant, Mr. Oden, gave specific and highly credible information about other adult males who also received the exact same single (12) second video of A.R. sent by A.R. to a whole group of adult men. Such investigation and arrests would further prove no

>coercion on Mr. Oden's part to send him the video." (*Id.* at 9.)

As explained below, no need exists to fully decipher Oden's claims as it is plain under the precedent in the United States Court of Appeals for the Fourth Circuit that Oden may not utilize 28 U.S.C. § 2241 to challenge his conviction or sentence.

### C. Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C. § 2241

A motion pursuant to 28 U.S.C. § 2255 "'provides the primary means of collateral attack'" on the imposition of a federal conviction and sentence, and such motion must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[2] "For example, attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (citations omitted).[3]

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The "controlling test," *id.*, in the Fourth Circuit is as follows:

>[Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the

---

[2] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

[3] Oden cannot avoid the bar on filing successive 28 U.S.C. § 2255 motions by suggesting he is filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254. "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audit querela . . . , the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (citing *Thurman v. Gramley*, 97 F.3d 185, 186-87 (7th Cir. 1996)).

conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added). The Fourth Circuit formulated this test to provide a remedy for the "fundamental defect presented by a situation in which *an individual is incarcerated for conduct that is not criminal* but, through no fault of his [or her] own, [he or she] has no source of redress." *Id.* at 333 n.3 (emphasis added).

D.  **Analysis of Oden's 28 U.S.C. § 2241 Petition**

Oden fails to satisfy the second prong of *In re Jones*. *See id.* at 334. Specifically, Oden fails to demonstrate that "subsequent to [his] direct appeal and [his] first § 2255 motion, the substantive law changed such that the conduct of which [he] *was convicted is deemed not to be criminal*." *Id.* (emphasis added). The conduct of which Oden stands convicted, possession of child pornography, is still criminal. "*Jones* simply does not apply here, as [Oden] is not innocent of anything." *United States v. Surratt*, 797 F.3d 240, 248 (4th Cir. 2015).

1.  **Claims One and Two**

In his first two claims, Oden challenges certain enhancements under the Guidelines used to fashion his sentence. Early in his § 2241 Petition, Oden tersely explains: "Petitioner is seeking permission to file a 28 U.S.C. § 2241 due to recent Supreme Court decisions (Simmons,[4] Descamps,[5] Alleyne,[6] and

---

[4] *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) was a United States Court of Appeals for the Fourth Circuit case, not a Supreme Court case. In *Simmons*, the Fourth Circuit

> overruled prior decisions and held that, in deciding whether to enhance federal sentences based on prior North Carolina convictions, we look not to the maximum sentence that North Carolina courts could have imposed for a *hypothetical* defendant who was guilty of an aggravated offense or had a prior criminal record, but rather to the maximum sentence that could have been imposed on a person with the defendant's *actual* level of aggravation and criminal history.

*United States v. Powell*, 691 F.3d 554, 556 (4th Cir. 2012) (citing *Simmons*, 649 F.3d at 241).

[5] In *United States v. Descamps*, 133 S. Ct. 2276 (2013), the Supreme Court of the United States held that that a sentencing court may not look beyond the text of an indivisible statute, which is a statute that does not set out one or more elements of

5

Bond[7]) which were not available at direct appeal or for first § 2255 . . . and Petitioner is claiming 'actual innocence' which can produce the 'gateway' through which one may pass under § 2241." (§ 2241 Pet. ¶ 10(c).) Oden provides no further argument with respect to how these cases pertain to his claims or allow him to challenge his conviction or sentence and, furthermore, these cases entitle him to no relief under § 2241.[8]

"Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence." *Poole*, 531 F.3d at 267 n.7 (citing *In re Jones*, 226 F.3d at 333-34). Indeed, the Fourth Circuit has specifically rejected the notion that the savings clause allows inmates to challenge whether predicate felonies were properly utilized in imposing a [sic] statutory sentencing enhancements. *See Surratt*, 797 F.3d at 247-50; *see also Boynes v. Berkebile*, No. 5:10-cv-00939, 2012 WL 1569563, at *6 (S.D. W. Va. May 1, 2012) ("[T]he Fourth Circuit has not broadened the parameters of the analysis of the savings clause in *Jones* to encompass a challenge to a sentence based on a sentenc[ing] guideline enhancement or a claim of 'actual innocence' of a sentenc[ing] guideline enhancement."). The Fourth Circuit reiterated that "*Jones* opened a *narrow* gateway to § 2241 relief for certain prisoners found actually innocent of their offenses of conviction, allowing relief *only* where the acts for which the defendant was convicted are not a crime." *Surratt*, 797 F.3d at 247 (emphasis added). The savings clause applies when an individual is confined for acts "'deemed not to be criminal,' not conduct that remains criminal but subject to a lesser penalty." *Id.* at 249 (quoting *Jones*, 226 F.3d at 334); *see Farrow*, 541 F.

---

the offense in the alternative, and review certain documents when determining if a defendant qualifies as an Armed Career Criminal. 133 S. Ct. at 2281-82.

[6] In *Alleyne v. United States*, 133 S. Ct. 2151 (2013), the Supreme Court addressed a defendant's mandatory minimum sentence of seven years for brandishing a firearm under 18 U.S.C. § 924(c)(1)(A)(ii). 133 S. Ct. at 2155–56. The Supreme Court held that, other than prior convictions, "facts that increase [statutory] mandatory minimum sentences must be submitted to the jury." *Id.* at 2163.

[7] Oden fails to identify any citation or other identifying information that would allow the Court to find this case. Moreover, the Court's initial research fails to reveal a case with this name that would permit him to use § 2241 to challenge his conviction or sentence.

[8] *See Surratt*, 797 F.3d at 247-50 (foreclosing use of § 2241 and savings clause to raise challenge to sentence under *Simmons*); *Mabry v. Wilson*, 582 F. App'x 147, 147 (4th Cir. 2014) (concluding the decision in *Alleyne* fails to provide a basis seeking relief under § 2241); *Baker v. Zych*, No. 7:13–cv–00512, 2014 WL 1875114, at *2 (W. D. Va. May 9, 2014) (concluding *Descamps* fails to provide a basis for seeking relief under § 2241); *see also Farrow v. Revell*, 541 F. App'x 327, 328-29 (4th Cir. 2013) (refusing to allow an inmate to utilize the savings clause to challenge his designation as an Armed Career Criminal).

App'x at 328-29 (refusing to allow an inmate to utilize the savings clause to challenge his designation as an Armed Career Criminal). To the extent that Oden argues that he may bring his claims pursuant to § 2241 because he is actually innocent of his sentence, he is incorrect. *See United States v. Jones*, 758 F.3d 579, 587 (4th Cir. 2014) (explaining that actual innocence jurisprudence providing exception to procedural bars "does not apply to habeas claims based on actual innocence of a sentence"), *cert. denied*, 135 S. Ct. 1467 (2015).

### 2. Claims Three and Four

In Claim Three, Oden argues that the "Magistrate Judge's presiding over plea hearing[ ] is plain error and requires conviction vacation." (§ 2254 Pet. 8.) In Claim Four, Oden argues that he provided "specific and highly credible information" to the Government about other people who possessed the child pornography for which he was convicted. (*Id.* at 9.) Oden argues that the fact that other people possessed this pornography was "evidence to establish [his] innocence" and an investigation of these people and "arrests would further prove no coercion on Mr. Oden's part to send him the video." (*Id.*) Oden fails to articulate, and the Court fails to discern, how Claims Three and Four satisfy *In re Jones*. Neither of these claims relies on a substantive change in the law that renders Oden's conduct noncriminal. *See In re Jones*, at 333-34. As previously explained, "*Jones* simply does not apply here, as [Oden] is not innocent of anything." *Surratt*, 797 F.3d at 248.

For these reasons, the Court concludes that it lacks jurisdiction to review Oden's § 2241 Petition. Accordingly, it is RECOMMENDED that the § 2241 Petition be DISMISSED.

(Report and Recommendation 1–8 (alterations and omissions in original).)

## II. STANDARD FOR REVIEW OF REPORT AND RECOMMENDATION

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."

*Thomas v. Arn*, 474 U.S. 140, 147 (1985). When reviewing the magistrate's recommendation, this Court "may also receive further evidence." 28 U.S.C. § 636(b)(1).

### III. ODEN'S OBJECTIONS

In response to the Report and Recommendation, Oden filed a document entitled "Motion to Rebut Report and Recommendation." ("Objections," ECF No. 20.) The Court construes this document as Oden's Objections. Oden wholly failed to follow the directives of the Report and Recommendation. His submission lacks a numbered list of objections and his rambling narrative, for the most part, is far from specific. Despite Oden's failure to comply with the Court's directives, and without the benefit of the requisite numbered list, the Court culls through Oden's submission and generously construes Oden to raise four objections.

Oden's first objection is that the Magistrate Judge "wrongfully identif[ied] the District Court in which Petitioner was originally charged, convicted, and sentenced." (Objs. 1, ECF No. 20.) The Magistrate Judge inadvertently stated that Oden had been convicted in the United States District Court for the Western District of Virginia. However, Oden was convicted in the United States District Court for the Northern District of West Virginia. Oden's first objection will be SUSTAINED to the extent that the Court changes the name of the sentencing court to the United States District Court for the Northern District of West Virginia.

Oden's second objection is verbose. Instead of objecting to the Magistrate Judge's findings and conclusions, Oden continues to assert his first four claims raised in his § 2241 Petition. (Objs. 7–10.) Oden also contends that the Government breached the plea agreement by not recommending that Oden receive a reduction for acceptance of responsibility, and that his guilty plea was involuntary. (*Id.* at 1–2, 5.) Finally, Oden asserts that his post-conviction attorney assured him that a claim of actual innocence could be raised in a § 2241 Petition. (*Id.* at 3–4.) No matter how Oden frames his arguments, Oden fails to demonstrate that he may use the

savings clause and § 2241 to pursue alleged sentencing errors or his purported actual innocence of his sentence. *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) (citing *In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000)); *Patterson v. Wilson*, No. 3:12CV66, 2013 WL 101544, at *3 (E.D. Va. Jan. 8, 2013) (citations omitted); *cf. United States v. Jones*, 758 F.3d 579, 587 (4th Cir. 2014), *cert. denied* 135 S. Ct. 1467 (2015) (explaining that actual innocence jurisprudence providing exception to procedural bars "does not apply to habeas claims based on actual innocence of a sentence"). To the extent he continues to argue that he is innocent of possession of child pornography, Oden fails to demonstrate that he satisfies *In re Jones*. None of Oden's claims relies on a substantive change in the law that renders Oden's conduct noncriminal. *See In re Jones*, 226 F.3d at 333–34. Accordingly, Oden's second objection will be OVERRULED.

Oden's third objection contends that the Magistrate Judge "forgot[] to even address Petitioner's Ground Five." (Obj. 10.) In Ground Five, Oden asserted: "Actual innocence predicated on the statutory implication of the established understanding of pivotal words, 'child,' 'minor,' and 'knowingly.'" (§ 2241 Pet. 10 (capitalization corrected).) The Court acknowledges that the Magistrate Judge did not list or specifically address Ground Five in his Report and Recommendation. However, much like Claims Three and Four, Oden fails to articulate, and the Court fails to discern, how Claim Five satisfies *In re Jones*. Ground Five simply does not rely on a substantive change in the law that renders Oden's conduct noncriminal. *See In re Jones*, 226 F.3d at 333–34. Oden's third objection will be OVERRULED.

Oden's fourth objection is that the Magistrate Judge did not order the Government to show cause as to why Oden's § 2241 Petition should not be granted. (Supp. Obj. 1, ECF No. 21.) Oden claims that the Magistrate Judge's failure to do so denied him his right to respond to any response filed by the Government. (*Id.*) Oden's objection fails to take issue with the

9

Magistrate Judge's findings and recommendation. In any event, because the Court lacks jurisdiction over Oden's § 2241 Petition, the Magistrate Judge did not err by not ordering the Government to respond. Oden's fourth objection will be OVERRULED.

### IV. CONCLUSION

Oden's first objection is SUSTAINED to the extent that the Court changes the name of the sentencing court. Oden's remaining objections are OVERRULED. The Report and Recommendation will be ACCEPTED and ADOPTED. The action will be DISMISSED for lack of jurisdiction.[9]

An appropriate Order will accompany this Memorandum Opinion.

Date: 1/11/16
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

---

[9] In recommending the dismissal of Oden's § 2241 Petition, the Court relied, in part, on the decision of *United States v. Surratt*, 797 F.3d 240 (4th Cir. 2015). On December 2, 2015, the United States Court of Appeals for the Fourth Circuit voted to rehear that case *en banc*. *United States v. Surratt*, No. 14–6851 (4th Cir. Dec. 2, 2015). If in *Surratt*, the Fourth Circuit concludes an inmate can utilize 28 U.S.C. § 2241 to challenge his or her sentence, Oden may file a new 28 U.S.C. § 2241 petition.