IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CHRISTOPHER ODEN,**

Petitioner,

v.  Civil Action No. **3:15CV196**

**ERIC D. WILSON,**

Respondent.

## MEMORANDUM OPINION

Christopher Oden, a federal inmate proceeding *pro se*, filed this petition pursuant to 28 U.S.C. § 2241. On November 23, 2015, the Magistrate Judge issued a Report and Recommendation recommending that Oden's petition be dismissed for lack of jurisdiction. In the Report and Recommendation, the Court advised Oden that if he wished to file objections, he must do so within fourteen days of the Report and Recommendation. Oden filed objections. By Memorandum Opinion and Order entered on January 11, 2016, the Court adopted the Report and Recommendation, overruled Oden's objections, and dismissed the § 2241 petition for lack of jurisdiction. *Oden v. Wilson*, No. 3:15CV196, 2016 WL 183469, at *6 (E.D. Va. Jan. 11, 2016).

On March 11, 2016, the Court received a "Motion for Recon[s]ideration and [Certificate of Appealability (COA)]" from Oden. (ECF No. 30.) Because Oden filed this motion outside of the twenty-eight day period permitted for motions pursuant to Federal Rule of Civil Procedure 59, this motion is properly construed as a motion under Federal Rule of Civil Procedure 60(b) ("Rule 60(b) Motion"). *United States v Winestock*, 340 F.3d 200, 203 (4th Cir. 2003) (citing *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996)).[1]

---

[1] A motion under Rule 59(e) must be filed "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). On February 18, 2016, the Court received Oden's "Motion for

Federal Rule of Civil Procedure 60(b) allows a court to "relieve a party . . . from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). It is an extraordinary remedy requiring a showing of exceptional circumstances. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950)). The party seeking relief under Rule 60(b) must make a threshold showing of "'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.'" *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (citing *Werner*, 731 F.2d at 207).

In his Rule 60(b) Motion, Oden reiterates his claim that the Magistrate Judge who presided over his plea hearing lacked authority to do so, therefore "void[ing] Oden's defective plea in its entirety." (Rule 60(b) Mot. 5.) Oden also provides a list of "overwhelming evidence that supports his innocence." (*Id.* at 6–8.) Overall, Oden simply seeks to relitigate his claims of actual innocence. However, "[a] Rule 60(b) motion is not authorized when it is nothing more than a request for the district court to change its mind." *Lee X v. Casey*, 771 F. Supp. 725, 728 (E.D. Va. 1991) (citing *United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982)). Thus, Oden "fails to demonstrate any exceptional circumstances as the vast majority of [his] Rule 60(b) Motion is largely an improper attempt to relitigate" the claims raised in his § 2241 Petition. *Chilton v. Kelly*, No. 3:10CV871, 2012 WL 5423839, at *3 (E.D. Va. Nov. 6, 2012) (citations omitted).

---

Time Extension," seeking an extension of time to file a Rule 59(e) motion. (ECF No. 28.) By Memorandum Order entered on February 29, 2016, the Court denied Oden's motion, noting that the Court "may not extend the time for filing such a motion." (ECF No. 29, at 2 (citing Fed. R. Civ. P. 6(b)(2)).

Oden also requests that the Court issue a COA in this matter. (Rule 60(b) Mot. 9.) A COA, however, is not needed to appeal the dismissal or denial of a petition brought pursuant to 28 U.S.C. § 2241. *Sanders v. O'Brien*, No. 10–6369, 2010 WL 1735071, at *1 (4th Cir. Apr. 28, 2010).[2] Accordingly, Oden's Rule 60(b) Motion (ECF No. 30) will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 10/03/16
Richmond, Virginia

/s/ John A. Gibney, Jr.
United States District Judge

---

[2] In the Memorandum Order entered on February 29, 2016, the Court incorrectly stated that a COA had already been denied. (ECF No. 29, at 1.)