IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CHRISTOPHER ODEN,**

    Petitioner,

v.                                                                                                     Civil Action No. **3:15CV196**

**ERIC D. WILSON,**

    Respondent.

**MEMORANDUM OPINION**

Christopher Oden, a federal inmate proceeding *pro se*, filed a petition pursuant to 28 U.S.C. § 2241 ("§ 2241 Petition"). On November 23, 2015, the Magistrate Judge issued a Report and Recommendation recommending that Oden's § 2241 Petition be dismissed for lack of jurisdiction. In the Report and Recommendation, the Court advised Oden that if he wished to file objections, he must do so within fourteen days of the Report and Recommendation. Oden filed objections. By Memorandum Opinion and Order entered on January 11, 2016, the Court adopted the Report and Recommendation, overruled Oden's objections, and dismissed the § 2241 Petition for lack of jurisdiction. *Oden v. Wilson*, No. 3:15CV196, 2016 WL 183469, at *6 (E.D. Va. Jan. 11, 2016).

On March 11, 2016, the Court received a "Motion for Recon[s]ideration and [Certificate of Appealability (COA)]" from Oden. (ECF No. 30.) By Memorandum Opinion and Order entered on October 5, 2016, the Court construed this motion as a motion under Federal Rule of Civil Procedure 60(b) ("Rule 60(b) Motion") because it was filed outside of the twenty-eight day period permitted for motions pursuant to Federal Rule of Civil Procedure 59. (ECF No. 32, at 1 (citations omitted).) The Court denied Oden's motion as an improper attempt to relitigate the claims raised in his § 2241 Petition. (*Id.* at 2 (citations omitted).) The Court also denied Oden's

request that the Court issue a COA because a COA "is not needed to appeal the dismissal or denial of a petition brought pursuant to 28 U.S.C. § 2241." (*Id.* at 3 (citations omitted).)

On October 28, 2016, the Court received a "Motion for Reconsideration Pursuant to Rule 59(e)" from Oden. ("Rule 59(e) Motion," ECF No. 34.)

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

In his Rule 59(e) Motion, Oden requests that the Court equitably toll his time period for filing a motion under Rule 59(e) of the Federal Rules of Civil Procedure so that the Court can reconsider his Rule 60(b) Motion as one brought under Rule 59(e). (Rule 59(e) Mot. 2.) According to Oden, he "[i]mmediately . . . started preparing his [Rule 60(b) Motion]" upon receipt of this Court's Order dismissing his § 2241 Petition. (*Id.*) Oden claims that on February 1, 2016, he was placed in segregation and did not have access to his legal papers. (*Id.*) Oden's legal papers were not returned to him until he was released from segregation in March 2016, "well past the 28 day window to file his [Rule 60(b) Motion]." (*Id.*) Oden also claims that he did not have access to the Federal Rules of Civil Procedure because the law library computer was broken. (*Id.* at 3.) Essentially, Oden requests that the Court equitably toll the twenty-eight-day period because he was allegedly denied his right to access the courts. (*Id.*)

Under the Federal Rules of Civil Procedure, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A court cannot, under any circumstances, extend the time for filing a Rule 59(e) motion. Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)."); *Goodman v. Everett*, 388 F. App'x 269, 270 (4th Cir. 2010) (noting that "the district court is without jurisdiction to extend [the] time period" established by Rule 59(e)"). Therefore, the Court cannot equitably toll the time period for filing a Rule 59(e) motion and cannot reconsider Oden's Rule 60(b) Motion as a motion brought pursuant to Rule 59(e).[1] Accordingly, Oden's Rule 59(e) Motion (ECF No. 34) will be DENIED.

In the alternative, Oden asks that the Court retroactively construe his Request for a COA as a Notice of Appeal. (Rule 59(e) Mot. 5.) Oden claims that he incorrectly believed that he needed a certificate of appealability to file an appeal. (*Id.* at 1.) The Request for a COA that Oden filed on January 26, 2016 was withdrawn per Oden's instructions on February 1, 2016. (ECF Nos. 24, 25.) Oden filed a new Request for a COA on March 11, 2016. (ECF No. 30.) Oden has provided no authority to suggest that the Court is able to construe retroactively a request for a COA as a timely filed Notice of Appeal. Accordingly, Oden's request will be DENIED. To the extent that Oden wishes to file a Notice of Appeal of the Court's January 11, 2016 Memorandum Opinion and Order, he must note his appeal explicitly.

An appropriate Order will accompany this Memorandum Opinion.

Date: 11/8/16
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge

---

[1] Even if the Court could construe Oden's Rule 60(b) Motion as a motion under Rule 59(e), a "Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pac. Ins. Co.*, 148 F.3d at 403 (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1810.1, at 127–28 (2d ed. 1995)). As noted above, Oden's Rule 60(b) Motion was an improper attempt to relitigate the claims raised in his § 2241 Petition.